UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASSEM MOHAMAD SALAMEY,

    Petitioner,                                    Case No. 09-12201
                                                            Honorable Denise Page Hood

v.

MARY BERGHUIS,

    Respondent.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DENYING CERTIFICATE OF APPEALABILITY

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated June 30, 2010 [Doc. No. 11]. Objections were filed on July 12, 2010.

On October 24, 2007, Petitioner Kassem Mohamad Salamey was convicted by a jury in Wayne County Circuit Court, State of Michigan, of armed robbery and conspiracy to commit armed robbery. After a motion for new trial was denied, Petitioner appealed as of right to the Michigan Court of Appeals. The Court of Appeals affirmed Petitioner's conviction and sentence. *See People v. Salamey,* No. 275102, 2008 WL 3876102 (Mich. Ct. App. Aug. 21, 2008). The Michigan Supreme Court denied Petitioner's application for leave to appeal in a standard order. *See People v. Salamey,* 483 Mich. 894, 760 N.W.2d 489 (2009). Petitioner, through counsel, filed the instant application for a writ of habeas corpus on June 7, 2009, raising three claims. Respondent filed an Answer on November 3, 2009 and Petitioner replied on November 11, 2009.

**II.    APPLICABLE LAW & ANALYSIS**

A.   **Standard of Review**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must file objections to the Report and Recommendation within fourteen days of service of the Report and Recommendation. Fed. R. Civ. P 72 (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Objections are without merit and the Court accepts the Magistrate Judge's Report and Recommendation.

B.   **Report and Recommendation**

1.   **Loss of Exculpatory Evidence**

The Magistrate Judge recommended that the Court should conclude that Petitioner is not entitled to habeas relief on the loss of exculpatory evidence claim because the evidence was not material and the Petitioner had not shown that the prosecution acted in bad faith. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the loss of surveillance footage claim because Petitioner could have presented other evidence to undermine his co-defendants' credibility. Additionally, the Court agrees with the Magistrate Judge that the Michigan Court of Appeals could have found that there was no bad faith on the part of the police. Habeas

relief on the loss of exculpatory evidence claim is denied.

### 2. Sentencing Claim

Petitioner contends that the trial court's scoring of OV-14 was based on inaccurate information. The Court agrees with the Magistrate Judge that any error in scoring OV-14 is not a cognizable claim for habeas relief. In any event, any additional points did not affect which range Petitioner was in. Petitioner is not entitled to habeas relief on his sentencing claim.

### 3. Ineffective Assistance of Counsel Claim

Petitioner claims that his trial and appellate attorneys were ineffective. The Court agrees with the Magistrate Judge that Petitioner cannot show he was prejudiced by the trial counsel's failure to call certain witnesses, including Petitioner's father.

Petitioner also claims that the trial counsel was ineffective for failing to object to the introduction of the surveillance video clip as evidence. The Court agrees with the Magistrate Judge that Petitioner has failed to show that the admission of the video surveillance was inadmissible as an accurate depiction of the robbery. Petitioner's request for habeas relief on the ineffective assistance of counsel claim is denied.

### 4. Certificate of Appealability

In regards to the Certificate of Appealability, the Court will not issue the certificate. According to the Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue.. only if the applicant has made a substantial showing of the denial of a constitutional right." The Court agrees with the Magistrate Judge that a certificate of appealability should not issue in this matter.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' June 30, 2009 Report and Recommendation [**No. 11, 6/30/2010**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that this habeas action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue. Petitioner may proceed *in forma pauperis* on appeal.

                                              s/Denise Page Hood  
                                              Denise Page Hood  
                                              United States District Judge

Dated: August 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2010, by electronic and/or ordinary mail.

                                              s/William F. Lewis  
                                              Case Manager