UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASSEM MOHAMAD SALAMEY,

    Petitioner,

                                                    Case No. 09-CV-12201

v.

                                                    HONORABLE DENISE PAGE HOOD

MARY BERGHUIS,

    Respondent.

_____/

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

        This matter is before the Court on Petitioner Kassem Mohamad Salamey's Motions for Reconsideration of the Court's Judgment and Order denying his Petition for Writ of Habeas Corpus. On August 31, 2010, a Judgment and Order accepting the Magistrate Judge's Report and Recommendation was entered. Petitioner timely filed two Motions for Reconsideration on September 9 and 10, 2010, along with a Supplemental Brief on March 3, 2011, pursuant to Rules 52(b) and 59(e) of the Rules of Civil Procedure and Local Rule 7.4 (the correct citation is E.D. Mich. LR 7.1(h)). Rule 52(b) is inapplicable since Rule 52 governs trials without a jury. Fed. R. Civ. P. 52(a).

        An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument are permitted unless the court orders otherwise. E.D. Mich. LR

7.1(h)(2). The Local Rule further states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 395 (6th Cir. 2007).

Petitioner asserts that the Court failed to address Petitioner's allegation that trial counsel failed to investigate Petitioner's case and interview witnesses prior to the commencement of trial, specifically failing to consider Objections numbers 4 and 8 to the Report and Recommendation.[1] These two Objections relate to Petitioner's ineffective assistance of trial counsel claim. This Court agreed with the Magistrate Judge that "Petitioner cannot show he was prejudiced by the trial counsel's failure to call certain witnesses, including Petitioner's father." (8/31/10 Order, p. 3) The Court accepted and adopted the Report and Recommendation "as this Court's findings of fact and

---

[1] Petitioner notes that this Court stated Petitioner's claim was that his trial *and appellate* counsel were ineffective but that Petitioner only claims his *trial counsel* was ineffective. The Court agrees with Petitioner that his ineffective assistance of counsel claim only refers to trial counsel. The Court rejects the Magistrate Judge's finding on this issue.

2

conclusions of law." (8/31/10 Order, p. 4) Where the district court is not the finder of fact but is acting as a reviewing court, the scope and length of an opinion in a particular case rests within the sound discretion of the judicial body. *See, Potts v. Sec'y of Health and Human Services,* 1993 WL 303363 at *9 (6th Cir. Aug. 9, 1993); *Sutton v. U.S. Small Business Administration,* 92 Fed. Appx. 112, 120-21 (6th Cir. Dec. 4, 2003). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on the magistrate's proposed findings and recommendations." *United States v. Raddatz,* 447 U.S. 667, 676 (1980).

Petitioner argues that trial counsel, Jeffrey Edison, was ineffective because he failed to interview Senela Gant. (Objection No. 4) Petitioner disagrees with the Magistrate Judge's finding as to the effect of Ms. Gant's testimony, had she testified at trial. (Objection No. 8) Objection No. 8 also addressed other witnesses trial counsel failed to investigate or present at trial, including Petitioner's father and Sharod Scott, a cousin of co-defendant Cortez Chenault.

The Magistrate Judge's Report and Recommendation extensively set forth the facts and testimony presented at the *Ginther* hearing before the trial judge. (R&R, pp. 18-23) The Magistrate Judge's analysis of the ineffective assistance of counsel claim also set forth the applicable law and standard of review. The Magistrate Judge specifically addressed Petitioner's contention that trial counsel failed to investigate potential witnesses, including Ms. Gant and Petitioner's father. As noted by the Magistrate Judge, trial counsel's strategy was to undermine the co-defendants' testimony at trial with extensive cross-examination and that the credibility of the victim, Tyson Janisch, was not a key factor as to whether or not Petitioner was involved in the robbery. (R&R, pp. 31-34)

Trial counsel testified at a *Ginther* hearing before the trial court that the prosecution's theory

3

of the case was that the robbery was the result of a conspiracy between Petitioner, the manager-owner of the gas station, and an employee of the gas station, Mr. Chenault, along with Chenault's friends, an "inside job." (Doc. No. 8-7, p. 14) Mr. Edison testified that he waived Ms. Gant's testimony at trial. (Doc. No. 8-7, p. 19) Mr. Edison testified that at the time of the trial, he did not see that attacking Mr. Janisch's credibility was an issue, specifically as to whether or not he came in on the Saturday, as testified by Ms. Gant, in addition to coming in on a Monday, the day he was robbed. (Doc No. 8-7, p. 43) Mr. Edison testified that he was focused on the conspirators, based on his assessment of the case. (Doc. No. 8-7, p. 43) Mr. Edison testified that it was his argument that co-defendant Chenault was privy to Mr. Janisch's coming to the station and having in excess of $19,000 on the Monday Janisch was robbed. (Doc. No. 8-7, p. 43)

The trial judge did not agree with Petitioner's argument that the omission of Ms. Gant's testimony was important and concluded that it was a relatively minor point which did not determine the outcome of the trial. (Doc. No. 8-8, p. 72) The trial judge found that the victim was completely innocent and in fact had $19,000 with him and that attacking his credibility on the issue of the amount of money he had and whether Petitioner had knowledge of that amount would not have resonated with the jury. (Doc. No. 8-8, pp. 72-73) The trial judge found that the reason the jury convicted Petitioner was that they believed the co-perpetrators and any minor inconsistencies in their testimonies were brought up by Mr. Edison and exposed to the jury. (Doc. No. 8-8, p. 73) The trial judge concluded that Mr. Edison's failure to pursue Ms. Gant's testimony did not amount to ineffective assistance of counsel and that even if he had pursued this issue, Ms. Gant's testimony would not have been outcome determinative. (Doc. No. 8-8, p. 73)

The Michigan Court of Appeals found that Petitioner failed to establish that defense counsel

was ineffective for choosing one theory of defense over another. (Doc. No. 8-9, p. 4) The Michigan Court of Appeals further found that Petitioner failed to rebut trial counsel's testimony that neither defendant nor his family members informed him of the defense until after he had waived Ms. Gant's testimony at trial. (Doc. No. 8-9, p. 4) The Michigan Court of Appeals noted that as to the testimony of Sharod Scott who would have testified that Mr. Chenault admitted planning the robbery, not Petitioner, Mr. Edison's omission of this witness did not amount to denial of a substantial defense because Mr. Edison had argued to the jury that Mr. Chenault knew about Mr. Janisch's financial activities at the gas station and planned the robbery without defendant's involvement. (Doc. No. 8-9, p. 5)

As this Court ruled in its Order accepting the Report and Recommendation, the Court agrees with the Magistrate Judge that Petitioner failed to show he was prejudiced by trial counsel's failure to call certain witnesses. Based on the Report and Recommendation and the underlying record from the state court, the Court finds that the state court's resolution of Petitioner's claims, specifically the ineffective assistance of trial counsel claims, did not result in a decision which was contrary to, or which involved application of, clearly established federal law. A certificate of appealability will not be issued in this matter.

Accordingly,

IT IS ORDERED that Petitioner's Motions for Reconsideration (**Doc. No. 15, filed September 9, 2010 and Doc. No. 16, filed September 10, 2010**) are DENIED.

IT IS FURTHER ORDERED that for the reasons set forth above and in its prior Order, a certificate of appealability will not issue.

                                                s/Denise Page Hood  
                                                United States District Judge

Dated: August 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry  
                                                Case Manager